UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PATRICK BUDIG f/k/a PATRICK KINNUNEN, LYNN KINNUNEN, and JULIUS BUDIG,

Plaintiffs,

v.

DAVID DARRATO f/k/a DAVID DADDATO, in his individual capacity, and JANE DOE DARRATO, a marital community; *et al.*,

Defendants.

NO. CV-07-292-RHW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court are Defendants' F.R.C.P. 41(b) and/or 37(b) Motion for Involuntary Dismissal / Sanctions (Ct. Rec. 35) and Plaintiffs' Motion/Declaration re: Continuance of Motion and Trial (Ct. Rec. 41). These motions were heard without oral argument.

On December 1, 2008, the Court denied Plaintiffs' motion to appoint counsel, but declined to *sua sponte* dismiss the above-captioned matter for failure to prosecute (Ct. Rec. 33). Now pending are Defendants' Motion to Dismiss for failure to participate in discovery, and Plaintiffs' Motion to Continue.

## BACKGROUND

Plaintiffs filed their original *pro se* complaint on September 10, 2007. Defendants filed an answer on October 17, 2007. After obtaining leave from the Court, Plaintiffs filed an amended complaint on April 14, 2008, which was answered on May 7, 2008.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 1

On June 27, 2008, the Court notified the parties of a scheduling conference set for July 23, 2008. Local rules require both parties to meet and confer promptly after issuance of a scheduling conference notice, and to submit written discovery plans within 14 days after the meeting or 10 days before the scheduling conference. Defendants reported that their attempts to contact Plaintiffs to arrange a meeting were unsuccessful, but Defendants filed their own discovery plan and status certificate on July 10, 2008. Plaintiffs filed a letter in advance of the scheduling conference informing the Court of Plaintiffs' difficulties retaining counsel, and appeared at the conference. The Court continued the status conference until October 2, 2008, at which time Plaintiffs failed to appear. The Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute, and set a show cause hearing for October 27, 2008. Plaintiffs filed a motion for appointment of counsel on October 20, 2008, but failed to file any specific response to the order to show cause. Plaintiffs also failed to appear at the show cause hearing.

Defendants filed their motion to dismiss on June 30, 2009, alleging that Plaintiffs have completely failed to participate in discovery. Defendants allege that Plaintiffs have not communicated with Defendants in any way, failed to respond to interrogatories, and failed to appear for depositions set for June 29, 2009.

## APPLICABLE LAW

Local Rule 41.1(b), regarding dismissal of actions for lack of prosecution, provides:

> In any civil case in which no action of record has been taken by the parties for the preceding one year the Court or a party shall note the case for dismissal and give thirty (30) days' notice to counsel of record. If no action of record is taken in the meantime, and no satisfactory explanation of non-action is submitted, an order of dismissal without prejudice will be entered by the Court on the date the case is noted for hearing.

That rule is an analog of Federal Rule of Civil Procedure 41(b), which provides, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** \* 2

the dismissal order states otherwise, a dismissal under this subdivision... operates as an adjudication on the merits."

Dismissal under this rule is a "harsh remedy" that district courts should be reluctant to grant, short of "aggravated circumstances." *Von Poppenheim v. Portland Boxing and Wrestling Commission,* 442 F.2d 1047, 1049 (9th Cir. 1971). The harshness of the remedy is "directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." *Id.* at 1052 n. 4. The decision to dismiss for lack of prosecution is committed to the discretion of a district judge, who need not exhaust all remedies short of dismissal but must reasonably explore "possible and meaningful alternatives." *Id.* at 1053-54. The district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). Also, "a dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Id.*

## ANALYSIS

This matter has been pending for more than two years. In that time, Plaintiffs have failed to comply with *any* of the Court's deadlines, and have utterly failed to participate in any discovery. Plaintiffs have not even communicated with Defendants to explain their lack of participation in discovery or to re-schedule depositions.

Turning to the *Henderson* factors, both the public and the Court's interest in expediting litigation strongly weigh in favor of dismissal where, as here, Plaintiffs have taken no substantive action of record in two years. Defendants have already been prejudiced by Plaintiffs' failure to participate in discovery because of the time and resources Defendants have wasted on discovery, and because Defendants cannot present a defense in the absence of discovery. While the Court would prefer to see the case disposed of on its merits, the Court has already made numerous fruitless efforts to

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** \* 3

accommodate Plaintiffs' search for counsel. There are no longer any less drastic measures that would be effective here.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion/Declaration re: Continuance of Motion and Trial (Ct. Rec. 41) is **DENIED**.

2. Defendants' F.R.C.P. 41(b) and/or 37(b) Motion for Involuntary Dismissal / Sanctions (Ct. Rec. 35) is **GRANTED**. The Complaint in the above-captioned matter is **dismissed with prejudice**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel and Plaintiffs, and **close the file.**

**DATED** this 29th day of September, 2009.

      *s/Robert H. Whaley*
      ROBERT H. WHALEY
      United States District Judge

Q:\CIVIL\2007\Kinnunen\grant.dismiss.ord.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** * 4